CLYDE SITTON v. V. E. TWIGGS AND JESS SHADRICK.

(Filed 23 March, 1938.)

1. **Negligence §§ 11, 19b—Failure of plaintiff to leave scene held not contributory negligence barring recovery for negligent injury.**

    Plaintiff was injured by a stray bullet in an affray between defendants at a public place. Appealing defendant moved for judgment as of nonsuit on the theory that plaintiff's own evidence showed that he had an opportunity to leave the scene and failed to avail himself of the opportunity. *Held:* The evidence does not disclose contributory negligence as a matter of law.

2. **Negligence §§ 1, 19a—**

    Evidence tending to show the use of firearms in a public place where a multitude of people were assembled, to the injury of plaintiff, a bystander, *held* sufficient evidence of actionable negligence to take the case to the jury.

APPEAL by plaintiff from *Alley, J.,* at December Term, 1937, of TRANSYLVANIA. Reversed.

*Ralph H. Ramsey, Jr., for plaintiff, appellant.*
*J. Y. Jordan, Jr., for defendant Twiggs, appellee.*

SCHENCK, J. This is an action to recover damages for injuries alleged to have been unlawfully and negligently inflicted by the defendants. The appellee, Twiggs, alone filed answer, and the trial below was of the alleged cause of action as it related to him.

The plaintiff alleged that as he was intending to enter the back door of the courtroom, where a political meeting was being held, and after he had ascended the rear staircase of the courthouse and was standing on the second floor upon which the courtroom was located, the defendants engaged in an affray on a landing half way up the rear staircase, and that Twiggs drew a pistol and in a scuffle the pistol was fired and the ball therefrom struck and injured the plaintiff's foot.

The plaintiff testified to facts tending to sustain these allegations, and was corroborated in part by the testimony of others. When plaintiff had introduced his evidence and rested his case the judge sustained motion for judgment as in case of nonsuit (C. S., 567) and plaintiff appealed, assigning error.

While it does not appear in the record, we gather from the argument had before us that the trial judge granted the motion for judgment as in case of nonsuit upon the theory that the plaintiff's own testimony established contributory negligence in that it showed that plaintiff had an opportunity to get away from the scene of the affray and failed to avail himself thereof. We cannot concur in this ruling. While there may have been evidence tending to show that the plaintiff might have gotten away from the scene we cannot hold, as a matter of law, that this evidence established contributory negligence.

The evidence tending to show the use of firearms, a pistol, in a public place, the courthouse, where a multitude of people were assembled, to the injury of the plaintiff, a bystander, was sufficient evidence of actionable negligence to carry the case to the jury.

We are of the opinion, and so hold, that the trial judge was in error in sustaining the motion for judgment as in case of nonsuit, and for that reason the judgment below is

Reversed.